PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOWEN, | ) |
|                     Petitioner, | ) CASE NO.  5:23-CV-407 |
| v. | ) JUDGE BENITA Y. PEARSON |
| WARDEN TOM WATSON, | ) |
|                     Respondent. | ) **MEMORANDUM OF OPINION AND ORDER**<br>) [Regarding ECF No. 11] |

Pending before the Court is Petitioner Robert Bowen's Objection to Report and Recommendation.  ECF No. 11.  For the following reasons, the Court overrules Petitioner's objections, adopts the magistrate judge's Report & Recommendation (ECF No. 9), and denies the petition (ECF No. 1).

## I.    Background

In June 2018, a Holmes County Court of Common Pleas Grand Jury indicted Petitioner Robert Bowen[1] charging him with one count of rape and four counts of sexual battery.  ECF No. 6-1 at PageID #: 78–79.  After trial, a jury found Petitioner guilty of each of the charges in the indictment.  ECF No. 6-1 at PageID #: 84.  The court sentenced Petitioner to ten years in prison.

---

[1] Petitioner is an individual currently incarcerated at North Central Correctional Institution, located in Marion, Ohio, which is within the Northern District of Ohio.  *See* Ohio Department of Rehabilitation & Correction – Offender Details, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A761449 (last visited August 29, 2024).

(5:23-CV-407)

ECF No. 6-1 at PageID #: 91. Petitioner, through counsel, appealed his conviction to the Ohio Court of Appeals, setting forth four assignments of error. Petitioner claimed:

    I.    The State of Ohio failed to produce sufficient evidence to convict the appellant of the counts in the indictment in violation of his right to due process under the Fifth amendment made applicable to all state criminal prosecutions by the Fourteenth Amendment to the federal Constitution.

    II.    The convictions in this matter are not supported by the manifest weight of the evidence [in violation] of the appellant's right to due process guaranteed by the Fourteenth Amendment to the federal Constitution.

    III.    The trial court abused its discretion in imposing a punitive discovery sanction that was not the least restrictive and was violative of his due process rights under the Fifth Amendment made applicable to the state prosecutions by the Fourteenth Amendment to the federal Constitution.

    IV.    The trial court committed error by allowing discussion of a CVSA test and violated Appellant's right to Due Process guaranteed to him under the Fifth Amendment to the federal Constitution made applicable to state criminal prosecutions by the Fourteenth Amendment.

ECF No. 6-1 at PageID #: 103. The state opposed Petitioner's claims. The court of appeals overruled the assignments of error and affirmed the trial court's judgment. ECF No. 6-1 at 157. In May 2020, the Ohio Supreme Court declined to exercise jurisdiction. ECF No. 6-1 at PageID #: 221.

On July 29, 2020, Petitioner filed a petition to set aside or vacate his conviction with the trial court. ECF No. 6-1 at PageID #: 223. He raised two issues:

    I.    Petitioner was denied his right to a fair trial when the trial court introduced an involuntary confession taken by the police in violation of the Fifth Amendment, Sixth Amendment and made applicable to the state of Ohio by the Fourteenth Amendment.

    II.    Petitioner was denied due process guaranteed by the federal Constitution and made applicable to the states by the Fourteenth Amendment when the trial court judge showed actual bias towards him.

(5:23-CV-407)

ECF No. 6-1 at PageID #: 227, 230. The trial court denied the post-conviction petition. ECF No. 6-1 at PageID #: 316. Petitioner appealed the decision to the Ohio court of appeals, which affirmed the trial court's decision. ECF No. 6-1 at PageID #: 319, 359. Petitioner then appealed the decision to the Ohio Supreme Court. ECF No. 6-1 at PageID #: 372. On March 23, 2022, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal. ECF No. 6-1 at PageID #: 386.

On March 1, 2023, Petitioner filed the instant habeas petition, ECF No. 1, in which he brings five grounds for relief:

> I. The state of Ohio failed to produce sufficient evidence to convict the [Petitioner] of the counts in the indictment in violation of his right to due process under the Fifth Amendment made applicable to all state criminal prosecution by the Fourteenth Amendment to the federal Constitution.
>
> II. The convictions in this matter are not supported by the manifest weight of the evidence [in violation] of the [Petitioner's] right to due process guaranteed by the Fourteenth Amendment to the federal Constitution.
>
> III. The trial court abused its discretion in imposing a punitive discovery sanction that was not the least restrictive and was violative of his due process rights under the Fifth Amendment made applicable to the state prosecution by the Fourteenth Amendment to the federal Constitution.
>
> IV. The trial court committed error by allowing discussion of a CVSA test and violated Appellant's right to due process guaranteed to him under the Fifth Amendment to the federal Constitution made applicable to state criminal prosecutions by the Fourteenth Amendment.
>
> V. Petitioner was denied his right to a fair trial when the trial court introduced an involuntary confession taken by the police in violation of the Fifth Amendment, Sixth Amendment and made applicable to the state of Ohio by the Fourteenth Amendment.

ECF No. 1 at PageID #: 7, 10, 15, 17, 20. The habeas petition was referred to a magistrate judge for preparation of a report and recommendation, pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On November 28, 2023, the magistrate judge issued a Report and Recommendation. ECF No. 9. Specifically, the magistrate judge recommends: "(i) Ground One be denied as

3

(5:23-CV-407)

meritless; (ii) Ground Two be dismissed as procedurally defaulted; (iii) Ground Three be denied as meritless; (iv) Ground Four be dismissed as procedurally defaulted and/or noncognizable; and (v) Ground Five be dismissed as procedurally defaulted." ECF No. 9 at PageID #: 830.

Petitioner filed an objection to the Report and Recommendation, in which he lodges an objection for each ground for relief.[2] ECF No. 11.

## II.     Standard of Review

When a petitioner makes an objection to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* Importantly, objections "must be specific in order to trigger the *de novo* review." *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R. Civ. P. 72(b)(2)). "An 'objection' that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)). "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate [judge's] report that the district court must

---

[2] Petitioner filed his objection on January 9, 2024. His objection was timely because the Court granted his motion for an extension of time to file objections. *See* ECF No. 10; Order [non-document], 12/11/2023.

(5:23-CV-407)

specially consider.'" *Id.* (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)). "A general objection to the entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." *Potter*, 2020 WL at *1.

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)–(2); *see also Wilson v. Sheldon*, 874 F.3d 470, 474–75 (6th Cir. 2017).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." *Nguyen v. Warden, N. Cent. Corr. Inst.*, No. 19-3308, 2019 WL 4944632, at *4 (6th Cir. July 24, 2019) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Mason v. Nagy*, No. 21-1040, 2021 WL 6502177, at *3 (6th Cir. July 27, 2021) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) (stating that "[a] violation of state law is not cognizable in federal habeas corpus unless such error amounts to a

5

(5:23-CV-407)

fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution").

### III. Discussion

#### A. Ground One

Petitioner objects to the magistrate judge's finding that there was sufficient evidence to convict him because his alleged confession was the only evidence. ECF No. 11 at PageID #: 838. Petitioner also argues that the state court is not entitled to deference because no fair-minded jurist would find its sufficiency of evidence findings to be reasonable. ECF No. 11 at PageID #: 839.

Petitioner generally challenges the magistrate judge's conclusion as to deference and the sufficiency of the evidence. Therefore, these objections are not proper objections that require the trial court's review. See *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution . . . is not an 'objection' as that term is used in this context.")

Petitioner also challenges the magistrate judge's reliance on *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008). ECF No. 11 at PageID #: 839. Petitioner attempts to distinguish the factual background of his case from that of *Tucker*.[3] The Sixth Circuit, however, has stated: "[e]ven assuming that [the victim's] testimony was the only evidence of [petitioner's] guilt . . . this court has held that the testimony of a rape victim alone is sufficient to support a defendant's

---

[3] In *Tucker*, the petitioner was charged with and convicted of second-degree home invasion. 541 F.3d at 656. The Court relied on evidence that the victim saw the petitioner jump out of the victim's backyard and flee, alongside circumstantial evidence. Id. at 658.

6

(5:23-CV-407)

conviction." *United States v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000).  Therefore, the magistrate judge's reliance on *Tucker* was reasonable.

Accordingly, the Court overrules this objection.

### B.  Ground Two

Petitioner's second objection purports to argue "manifest weight argument is a valid constitutional argument."  ECF No. 11 at PageID #: 839.  Petitioner concedes that under Sixth Circuit precedent his manifest weight argument is a non-cognizable, state law claim.  ECF No. 11 at PageID #: 840.  Petitioner attempts to point out his concern with the law, but he does not challenge the magistrate judge's analysis.  The Court construes this argument as a new argument that was not presented to the magistrate judge that the Court may not address.  *See Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge].")  Therefore, the Court overrules this objection.

### C.  Ground Three

Petitioner's third objection claims "the discovery sanction violated Petitioner's right to due process."  ECF No. 11 at PageID #: 840.  Petitioner objects to the magistrate judge's rejection of his argument that Ohio Court of Appeals' decision was unreasonable.  ECF No. 11 at PageID #: 841.  Petitioner does not argue that he satisfies the *Chapman* or *Brecht* standards.  Instead, he asserts, yet again, that he was denied the right to a fair trial, the argument submitted and considered by the magistrate judge.  ECF No. 11 at PageID #: 841; ECF No. 9 at PageID #:

(5:23-CV-407)

816–20.  This is insufficient to assert a proper objection.  Therefore, the Court overrules this objection.

### D. Ground Four

Petitioner's objection to the fourth ground for relief asserts "the trial court should not have allowed mention of the CVSA."  ECF No. 11 at PageID #: 841.  Petitioner concedes that this claim is procedurally defaulted because he did not contemporaneously object to the mention of the CVSA at trial.  ECF No. 11 at PageID #: 842.  He contends that he has overcome the procedural default because he has provided "record evidence that he is innocent."  ECF No. 11 at PageID #: 842.

The "record evidence" that Petitioner refers to is an affidavit attached to his post-conviction petition.  ECF No. 6-1 at PageID #: 271.  In this affidavit, Petitioner "denies abusing either adopted child in his care at any time."  ECF No. 6-1 at PageID #: 272.  This affidavit was submitted to the magistrate judge, as part of the Return of Writ, who determined that this evidence did not establish Petitioner's actual innocence.  ECF No. 9 at PageID #: 823.  Because this information was previously submitted and considered by the magistrate judge, this is not a proper objection.

Furthermore, the Court must determine "whether no reasonable juror would find the petitioner guilty" based on the entire record, while considering this new evidence.  *Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024).  The Court does not make such a finding.  The Court also notes that defense counsel brought up the CVSA, and the prosecution objected to discussion of CVSA because it was not admissible.  ECF No. 6-6 at PageID #: 625.  Therefore, Petitioner's the Court overrules this objection.

### E. Ground Five

8

(5:23-CV-407)

Petitioner's final objection is to the magistrate judge's finding that *res judicata* barred his final claim for relief.  ECF No. 11 at PageID #: 843.  Petitioner argues that the magistrate judge incorrectly found that Petitioner cited no evidence from outside the record regarding the voluntariness of his confession.  Petitioner points to submitted affidavits as evidence outside of the record.[4]  ECF No. 11 at PageID #: 843.  The magistrate judge, albeit in a footnote, stated:

> The affidavit from Bowen's mother, attached to his petition for post-conviction relief, was not the type of evidence which would have triggered de novo review of the merits in the consideration of the post-conviction petition, because it merely supplemented arguments that Bowen made or could have made on direct appeal.  *See, e.g.*, Hand, 871 F.3d at 409.

ECF No. 9 at PageID #: 828.  Therefore, the magistrate judge considered the affidavit from Petitioner's mother and found that it did not preclude the application of *res judicata*.

Furthermore, even if Petitioner lodged a proper objection as it pertains to his affidavit, Petitioner's arguments fail to establish that "his state post-conviction petition contained new, not-previously-available evidence, and the Ohio Court of Appeals erroneously rejected that evidence."  *Jones v. Bradshaw*, 46 F.4th 459, 487 (6th Cir. 2022).  In that case, the Sixth Circuit stated that "affidavits from individuals who merely claim they would have testified at trial or provided more information if asked."  *Id.* at 486 (citing *Wogenstahl v. Mitchell*, 668 F.3d 307, 341–42 (6th Cir. 2012)).  Therefore, Petitioner fails to demonstrate that the Ohio courts improperly applied res judicata.

Accordingly, Petitioner's fifth objection is overruled.

---

[4] Petitioner points the Court to one affidavit that he submitted and one submitted by his mother.

9

(5:23-CV-407)

### IV. Conclusion

Having overruled each of Petitioner's objections to the magistrate judge's Report and Recommendation, the Court adopts the magistrate judge's Report and Recommendation (ECF No. 9) and denies Petition's petition for habeas corpus (ECF No. 1).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| August 29, 2024 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |